UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT,
LLC,**

          **Plaintiff,**

**v.**                            **Case No.  6:20-cv-1516-CEM-EJK**

**JOSHUA DAVID NEALLY,
NEALLY LAW, LLC, JRD
TRAVELS LLC, NATIONWIDE
TRANSFER, LLC, RSI, LLC,
OMNI ELLIS, LLC, and YOUR
TIMESHARE STOPS HERE, LLC,**

          **Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendants Nationwide Transfer, LLC's ("Nationwide") and Your Timeshare Stops Here, LLC's ("Your Timeshare") Motion to Dismiss ("Nationwide and Your Timeshare's Motion," Doc. 67), to which Plaintiff filed a Response in Opposition (Doc. 73), and Defendants Joshua D. Neally's ("Neally") and Neally Law, LLC's ("Neally Law") (collectively, "Neally Defendants") Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue ("Neally Defendants' Motion," Doc. 69), to which Plaintiff filed a Response in Opposition (Doc. 75). For the reasons stated herein,

Nationwide and Your Timeshare's Motion will be granted, and the Neally Defendants' Motion will be denied.

## I.   BACKGROUND

"Plaintiff markets, sells, and finances the sale of vacation membership interests," i.e., timeshares. (Am. Compl., Doc. 62, at 2). Defendants allegedly provide timeshare "exit" services to these same consumers. (*Id.* at 2–3). According to Plaintiff, "[t]hese 'services' primarily consist of a promise of a 'legal' process to cancel, terminate, or exit Plaintiff's customers' contracts with Plaintiff—including cancellation of debt consumers owed for vacations already taken—in exchange for up-front fees paid to Defendants." (*Id.*). This lawsuit arises from these timeshare exit services. (*See generally id.*).

Neally is an attorney who maintains the legal practice of Neally Law in the state of Missouri. (*Id.* at 10). Neally is also licensed to practice law in the state of Florida. (*Id.*). Defendants Nationwide, JRD Travels, LLC ("JRD"), RSI, LLC ("RSI"), and Your Timeshare are Missouri limited liability companies. (*Id.* at 11–13). Defendant Omni Ellis, LLC ("Omni Ellis") is a California Limited Liability Company.[1] (*Id.* at 12). According to Plaintiff, Defendants advertise their timeshare exit services to customers and clients located in Florida. (*Id.* at 13–14). Specifically,

---

[1] Collectively, Defendants Nationwide, JRD, RSI, Your Timeshare, and Omni Ellis will be referred to as the "LLC Defendants."

Plaintiff alleges that the LLC Defendants "advertise and solicit on behalf of [the Neally Defendants]" by "direct[ing] unsolicited mail to Florida[,] . . . target[ing] unsolicited calls (including auto-dialed and prerecorded calls, and drop voicemails) to Florida, and . . . conduct[ing] sales presentations and meetings with prospective customers in Florida." (*Id.* at 13).

Plaintiff alleges five counts[2] in the Amended Complaint: Count I—False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a), against the LLC Defendants; Count II—Contributory False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a), against the Neally Defendants; Count III—Tortious Interference, against all Defendants; Count IV—Violation of Florida's Deceptive and Unfair Trade Practices Act, against all Defendants; and Count V—Civil Conspiracy, against all Defendants. (*Id.* at 36–60). Nationwide, Your Timeshare, and the Neally Defendants move to dismiss for lack of personal jurisdiction.[3] (*See generally* Doc. Nos. 67, 69). Alternatively, the Neally Defendants move to transfer venue. (*See generally* Doc. 69).

---

[2] Plaintiff also includes a sixth count for a jury demand, but this is not properly included as a separate count, so it will not be further addressed substantively.

[3] RSI filed an Answer (Doc. 68). JRD and Omni Ellis have not appeared in the case, and a Clerk's Entry of Default has been entered against both of these Defendants. (Entry of Default against Omni Ellis, Doc. 80, at 1; Entry of Default Against JRD, Doc. 103, at 1).

## II.   MOTIONS TO DISMISS

### A.   Legal Standard

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "When a plaintiff fails to include sufficient allegations in his complaint to establish a prima facie case of personal jurisdiction, a defendant may assert a facial challenge to the complaint." *Ramirez v. Grp. Servs.*, No. 6:16-cv-1831-Orl-37KRS, 2017 U.S. Dist. LEXIS 95265, at *4 (M.D. Fla. June 20, 2017) (citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002)). A defendant also may assert a factual challenge, *id.*, "by submitting affidavit evidence in support of its position." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quotations omitted). When a defendant presents such evidence, "the burden . . . shifts back to the plaintiff to produce evidence supporting jurisdiction" unless "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id*. Where the evidence conflicts, all reasonable inferences must be construed in favor of Plaintiff. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

This Court must "undertake[] a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under

the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs.*, 556 F.3d at 1274. "[D]etermining whether jurisdiction is appropriate under Florida's Long-Arm Statute is a separate inquiry from determining whether exercising personal jurisdiction comports with the Due Process Clause." *Melgarejo v. Pycsa Pan., S.A.*, 537 F. App'x 852, 859 (11th Cir. 2013) (citing *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1207 (Fla. 2010) ("[T]he federal due process analysis is not built into Florida's long-arm statute.")). Florida's long-arm statute provides for both general and specific jurisdiction. *See* Fla. Stat. § 48.193(1)–(2).

## B.    Analysis

In the Amended Complaint, Plaintiff alleges that the "Court may exercise personal jurisdiction over Defendants because they are subject to general and specific jurisdiction in the State of Florida." (Doc. 62 at 13). Only a single paragraph of the Amended Complaint addresses Defendants' contacts with Florida, referring to all of the Defendants collectively. (*Id.* at 13–14). It alleges:

> All Defendants advertise to customers and clients located in Florida. They promise cancellation of contracts signed in Florida, for Florida timeshare interests. Timeshare cancellation is Defendants' work, and the largest concentration of timeshare interests in the United States is in Florida. Defendants direct communications to timeshare owners in Florida. Defendants direct unsolicited mail to Florida and target unsolicited calls (including auto-dialed and pre-recorded calls, and drop voicemails) to Florida, and they conduct sales presentations and meetings

> with prospective customers in Florida. Defendants also direct communications into the State of Florida relating to supposed timeshare cancellation, for timeshare resorts and timeshare developers located in Florida. The [LLC] Defendants have all conspired with Neally and Neally Law, and the [LLC] Defendants advertise and solicit on behalf of Florida lawyer, Neally and Neally Law.

(*Id.*).

### 1.    *General Personal Jurisdiction*

Florida courts can exercise general personal jurisdiction over any claims against a defendant—whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting Fla. Stat. § 48.193(2)). "Florida courts have found 'substantial and not isolated activity' to mean 'continuous and systematic general business contact' with Florida." *Horizon Med. Grp., Inc. v. Landry*, No. 8:06-CV-1625-T-27MAP, 2006 U.S. Dist. LEXIS 83084, at *9 (M.D. Fla. Nov. 15, 2006) (quoting *AutoNation v. Whitlock*, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003)). The reach of general personal jurisdiction under Florida's Long-Arm statute "extends to the limits on personal jurisdiction imposed by the Due Process Clause." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010); *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV-GOLD/TUR, 2008 U.S. Dist. LEXIS 13892, at *28 (S.D. Fla. Feb. 25, 2008) ("This requirement of 'continuous and systematic general business contact' also

satisfies the due process requirements of the U.S. Constitution." (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318–19 (11th Cir. 2006))).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). A court may exercise general personal jurisdiction over a business entity "without offending due process 'when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Carmouche*, 789 F.3d at 1204 (quoting *Int'l Shoe*, 326 U.S. at 317). "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Id.* at 1205. Thus, "[o]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 1204 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

### a.    Nationwide and Your Timeshare

As a threshold issue regarding Nationwide and Your Timeshare, Plaintiff argues numerous times that these Defendants have not presented any evidence contradicting the allegations in the Amended Complaint, nor have these Defendants

even denied the allegations in the Amended Complaint. (*See, e.g.*, Doc. 73 at 3, 5, 8). However, Plaintiff bears the initial burden of alleging facts sufficient to demonstrate personal jurisdiction over Defendants. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009); *United Techs.*, 556 F.3d at 1274. "When a plaintiff fails to include sufficient allegations in his complaint to establish a prima facie case of personal jurisdiction, a defendant may assert a facial challenge to the complaint." *Ramirez*, 2017 U.S. Dist. LEXIS 95265, at *4 (citing *Meier*, 288 F.3d at 1268–69). Based on Nationwide's and Your Timeshare's arguments, they are asserting a facial challenge, so the Court must first determine—based on the allegations in the Amended Complaint—whether Plaintiff has met its prima facie burden.

The question of establishing general personal jurisdiction is one of "both quantity and quality." *Pease v. Kelly Aero., Inc.*, No. 2:07cv340-ID, 2008 U.S. Dist. LEXIS 48187, at *29 (M.D. Ala. June 20, 2008); *see also Doe v. Sun Int'l Hotels, Ltd.*, No. 97-3359-CIV-GOLD, 1999 U.S. Dist. LEXIS 4186, at *13 (S.D. Fla. Feb. 9, 1999) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1948); *Cable/Home Commun. Corp. v. Network Prods.*, 902 F.2d 829, 858 (11th Cir. 1990)). As to Nationwide and Your Timeshare, accepting as true the allegations in the Amended Complaint regarding Defendants' activities in Florida, Plaintiff appears to argue that a general concentration of timeshares in Florida equates to a certain quantity and

quality of Nationwide's and Your Timeshare's activities in Florida. However, without additional allegations, the Court cannot make this inferential leap. Plaintiff has simply not provided enough information to determine the quantity or quality of Nationwide's or Your Timeshare's activities in Florida.

Plaintiff argues that it "provides additional details relating to Defendants' advertising and marketing efforts later in the [Amended] Complaint, including additional allegations as to their internet and direct mail marketing, and allegations linking Defendants together and with Neally." (Doc. 73 at 4). "Advertising *can be* a component of continuous and systematic general business activity when it is part of a strategy designed to generate product sales in Florida." *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1300 (S.D. Fla. 2007) (emphasis added). However, advertising alone—without more—is not enough to establish general personal jurisdiction. *Fraser*, 594 F.3d at 847. And here, Plaintiff has not provided any measure of how much advertising the LLC Defendants, much less Nationwide and Your Timeshare specifically, allegedly conducted in Florida.

Plaintiff next argues that the LLC Defendants "conduct sales meetings in Florida." (Doc. 73 at 4). Even "a substantial sales force within the state" is not necessarily enough to establish general personal jurisdiction, *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 584 (M.D. Fla. 1991) (citation omitted), let alone the vague and limited allegation of conducting sales meetings within the state.

Plaintiff also references the LLC Defendants' websites. (Doc. 62 at 17). However, Plaintiff does not allege that the LLC Defendants' websites are directed at—or even accessed by—customers in Florida such that the Court could ascertain "how the website establishes continuous and systematic business contact with Florida." *Gazelles FL, Inc. v. Cupp*, No. 6:18-cv-544-Orl-22KRS, 2018 U.S. Dist. LEXIS 224581, at *19 (M.D. Fla. Sept. 25, 2018) (citing *Shipping & Transit, LLC v. WOV, LLC*, No. 16-CV-80860, 2016 U.S. Dist. LEXIS 130501, 2016 WL 5338078, at *3 (S.D. Fla. Sept. 23, 2016) ("A defendant's website alone does not establish general jurisdiction when it is not specifically directed at the forum state, but instead is available to all customers throughout the country who have access to the Internet. . . .")).

Finally, Plaintiff argues that the LLC Defendants have conspired with Neally, who is a Florida attorney. (Doc. 73 at 5 (citing Exclusive Representation and Consultation Agreement ("Representation Agreement"), Doc. 73-1, at 2)). The Amended Complaint alleges that Neally "is an individual domiciled in Missouri and a citizen of Missouri" who operates Neally law, "a Missouri limited liability company whose purpose is the practice of law," and who "is also a licensed attorney in the State of Florida." (Doc. 62 at 10). But neither the Amended Complaint nor the Representation Agreements provide any information as to the quantity or quality of work that Neally or Neally Law may have conducted for Nationwide or Your

Timeshare in Florida. The fact that Neally is licensed in Florida and may conduct work for Nationwide and Your Timeshare is not sufficient to conclude that the work that Neally conducts for Nationwide or Your Timeshare occurs in Florida.

Plaintiff has failed to establish that Nationwide's or Your Timeshare's activities in Florida are "sufficiently pervasive, continuous, and systematic to establish general jurisdiction." *Fraser*, 594 F.3d at 850.

b.   Neally Defendants

As discussed above, the advertising activities—which are alleged generally as to all Defendants, (Doc. 62 at 13)—are not sufficient to establish general personal jurisdiction. *Fraser*, 594 F.3d at 847. The only additional jurisdictional allegation in the Amended Complaint as to the Neally Defendants is that "Neally is an attorney licensed to practice law in the State of Florida." (Doc. 62 at 13).

The Neally Defendants assert a factual attack on personal jurisdiction. Neally states that Neally Law's "sole place of business" is in Missouri; Neally Law has no offices, employees, bank accounts, or property in Florida; Neally has "never been in private practice in the State of Florida"; Neally "requested 'inactive status' for [his] Florida license for [the] majority of the time between 2007 and today as for the majority of that time [he] was not actively practicing law in Florida"; and Neally has not "travelled to the State of Florida for any business related activity since 2016" and travel prior to that was unrelated client representation. (Neally Decl., Doc. 69-

1, at 2–3). Plaintiff confronts Neally's Declaration with evidence from the Florida Bar showing the time periods during which Neally's law license has been active in Florida since he was barred in 2006. (Malloy Aff., Doc. 75-2, at 2–3). These records show that Neally elected a voluntary exemption for nonresident attorneys "not delivering legal services or advise on matters of issues governed by Florida law" between March 1, 2013, and August 20, 2015, and again between January 17, 2019, and November 7, 2019.[4] (*Id.* at 2). These records show that during the approximately 169-month period reviewed by the Florida Bar, Neally elected an exempt or inactive status for approximately 39 months; he was an active member of the Florida Bar during the remaining approximately 130 months.[5] (*Id.* at 2–3). Additionally, Plaintiff cites ten lawsuits in Florida filed in 2019 in which Neally is listed as an attorney of

---

[4] During a portion of this time, between October 20, 2014, and August 20, 2015, Neally also elected for his license to be on inactive status, during which time "he was not eligible to practice Florida law." (Doc. 75-2 at 2).

[5] During the period reviewed by the Florida Bar, Neally was licensed for 169 months and 13 days, and he was on an exempt or inactive status for 39 months and 11 days. (Doc. 75-2 at 2–3).

record. (Doc. 75 at 5 n.5 (listing cases)).[6] Based on the evidence presented by Plaintiff, the Court finds Neally's Declaration to be disingenuous at best.[7]

Holding a license to practice law in this state, without more, is not enough to establish general personal jurisdiction. *James River Ins. Co. v. Kannon & Kannon Ins., Inc.*, No. CV410-062, 2010 U.S. Dist. LEXIS 120287, at *7 (S.D. Ga. Nov. 12, 2010). However, the evidence demonstrates that Neally has been actively practicing law in the state of Florida, litigating no less than ten cases in 2019. Indeed, maintaining an active law license for approximately seventy-seven percent of the time Neally has been licensed in Florida and using that license to actively litigate cases are just the type of activities that an attorney would carry on in his home state.

---

[6] Seven of these cases currently list Neally as an attorney of record: *Westgate Vacation Villas, LLC v. Adams*, No. 2019-CA-003355-CL (Fla. 9th Cir. Ct.); *Westgate Resorts, Ltd. v. Davis*, No. 2019-CA-012610-O (Fla. 9th Cir. Ct.); *Westgate GV at the Woods, LLC v. Lobati*, No. 2019-CA-012611-O (Fla. 9th Cir. Ct.); *Westgate GV at the Woods, LLC v. Parker*, No. 2019-CA-012671-O (Fla. 9th Cir. Ct.); *Westgate Las Vegas Resort, LLC v. Roberts*, No. 2019-CA-012694-O (Fla. 9th Cir. Ct.); *Westgate Vacation Villas, LLC v. Donnelly*, No. 2019-CA-003365-CL (Fla. 9th Cir. Ct.); *Westgate Vacation Villas, LLC v. Vela*, No. 2019-CA-003390-CL (Fla. 9th Cir. Ct.). Three additional lawsuits cited by Plaintiff name Neally Law as a defendant, but Neally is no longer listed as an attorney of record in these cases because Neally has been disqualified from the cases. *See Westgate Vacation Villas, LLC v. Young*, No. 2019-CA-003367-CL (Fla. 9th Cir. Ct.); *Westgate Vacation Villas, LLC v. Ortiz*, No. 2019-CA-003385-CL (Fla. 9th Cir. Ct.); *Westgate Vacation Villas, LLC v. Young*, No. 2019-CA-003391-CL (Fla. 9th Cir. Ct.). This Court may take judicial notice of these cases. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotations omitted)).

[7] And at worst, Neally's Declaration is demonstrably false. His Florida Bar license has been active for the majority of time he has been licensed here—130 out of 169 months, (Doc. 75-2 at 2–3)—and he was actively practicing law here at least beginning in 2019, which was prior to the date of his October 2020 declaration, (Doc. 69-1 at 5). A member of the Florida Bar swearing to untrue facts before this Court is extremely concerning.

*Carmouche*, 789 F.3d. at 1205; *see Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 621 (Fla. 4th DCA 1999) (noting that a nonresident defendant's contacts with the forum state are assessed over a period of years leading up to the lawsuit, and that such contacts can be considered collectively). And the fact that the Neally Defendants do not maintain an office or even travel to Florida does not change this conclusion. *Burger King*, 471 U.S. at 476 ("Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted."). Nor is it relevant whether the litigation that Neally conducts in Florida is directly related to Plaintiff's claims. Fla. Stat. § 48.193(2) ("A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, *whether or not the claim arises from that activity*." (emphasis added)); *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 392 n.2 (11th Cir. 1988) ("General personal jurisdiction is grounded on the defendant's contacts with the forum that are unrelated to the litigation."); *Louis Vuitton*, 736 F.3d at 1352

("General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose." (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1224 n.27 (11th Cir. 2009))). Based on the evidence above, Neally has maintained a continuous and systematic general business contact with Florida, subjecting him to general personal jurisdiction here under both Florida's long-arm statute and the Due Process Clause. *Burger King*, 471 U.S. at 475; *Snow*, 450 F.3d at 1318. So too is Neally Law subject to general personal jurisdiction in Florida because Neally's activities are the activities of Neally Law. (Doc. 69-1 (noting that Neally Law only has a single employee)); *see Carmouche*, 789 F.3d. at 1205 (explaining that a corporation is subject to general personal jurisdiction when "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business").[8]

---

[8] Following this analysis for general personal jurisdiction, a number of district courts go on to then consider whether exercising jurisdiction over a non-resident defendant comports with traditional notions of fair play and substantial justice. *See, e.g., Doe v. Sun Int'l Hotels, Ltd.*, 12 Fla. L. Weekly Fed. D254 (S.D. Fla. Feb. 9, 1999). However, this analysis is only applicable to cases where a court is exercising *specific* personal jurisdiction. *United Techs.*, 556 F.3d at 1283 n.16 ("[I]f the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." (quoting *Woods*, 739 So. 2d at 620)); *see also Burger King*, 471 U.S. at 476–77; *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 630–32 (11th Cir. 1996); *Cronin v. Wash. Nat'l Ins. Co.*, 980 F.2d 663, 670 (11th Cir. 1993). To the extent that this analysis can be applied to a case involving *general* personal jurisdiction, the Court finds that exercising personal jurisdiction over the Neally Defendants certainly comports with notions of fair play—the Neally Defendants cannot regularly litigate in Florida courts and then argue that it would be an undue burden to be haled into court here to litigate one more case.

2.    *Specific Personal Jurisdiction*[9]

a.    Florida's Long-Arm Statute

"The reach of Florida's long-arm statute 'is a question of Florida law,' and this Court is required to apply the statute 'as would the Florida Supreme Court.'" *Louis Vuitton*, 736 F.3d at 1352 (quoting *United Techs.*, 556 F.3d at 1274). And, "Florida's long-arm statute is to be strictly construed." *Id.* (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)).

Florida courts can exercise specific personal jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida if those contacts fall within one of nine statutorily enumerated categories. Fla. Stat. § 48.193(1)(a). Three of the statutory categories are alleged to be implicated here by Plaintiff:

(1) "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." *Id.* § 48.193(1)(a)1.

(2) "Committing a tortious act within this state." *Id.* § 48.193(1)(a)2.

(3) "Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the

---

[9] Because the Court has determined that the Neally Defendants are subject to general personal jurisdiction in the forum, the Court does not consider whether the Neally Defendants are also subject to specific personal jurisdiction and only analyzes whether Nationwide and Your Timeshare are subject to specific personal jurisdiction in Florida.

injury, . . . [t]he defendant was engaged in solicitation or service activities within this state." *Id.* § 48.193(1)(a)6.a.

"Specific personal jurisdiction analysis requires evaluation of each count in a complaint." *Gazelles FL, Inc. v. Cupp*, No. 6:18-cv-544-Orl-22KRS, 2018 U.S. Dist. LEXIS 224581, at *20 (M.D. Fla. Sept. 25, 2018) (quoting *Custom Fab, Inc. v. Kirkland*, No. 6:13-CV-1511-ORL-31, 2014 U.S. Dist. LEXIS 8419, at *2 n.2 (M.D. Fla. Jan. 23, 2014)). Here, Plaintiff asserts five separate counts. However, Plaintiff asserts the same general factual allegations supporting all five counts. Therefore, to avoid redundancy in the following analysis, the Court will discuss whether the general factual allegations, coupled with any further specific allegations as to each count, support exercising specific personal jurisdiction over Nationwide and Your Timeshare.

> (1)   Operating, conducting, engaging in, or carrying on a business or business venture in this state

To establish jurisdiction under section 48.193(1)(a)1., "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, Ltd. P'ship v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "Factors relevant, but not dispositive, to this analysis include the presence and operation of

an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Id.* (collecting Florida cases) (citations omitted); *see also Dohler S.A. v. Gift Guru*, No. 16-23137-CIV, 2017 U.S. Dist. LEXIS 170280, at *10 (S.D. Fla. Oct. 16, 2017) ("Another relevant factor is a defendant's marketing and advertising in Florida." (citing *Sculptchair*, 94 F.3d at 627)).

Plaintiff mainly relies on its arguments asserted as to general personal jurisdiction, citing generally "advertising and marketing directed into Florida, advertising and marketing carried out by their agents in Florida, sales meetings conducted in Florida, and correspondence/communications with Florida customers and timeshare developers and resorts located in Florida (24% of the market),"[10] as well as Nationwide and Your Timeshare's Representation Agreements with Neally Law. (Doc. 73 at 11–12). But Plaintiff's allegations provide no context as to the number of clients served in Florida or the percentage of overall revenue gleaned from Florida clients by Nationwide and Your Timeshare. Indeed, based on the Amended Complaint, even accepting as true the vague allegation that the LLC Defendants directed advertising to Florida, there is no indication that the LLC Defendants, or specifically Nationwide or Your Timeshare, ever obtained *any* clients

---

[10] As a reminder to Plaintiff, the Court cannot impute the overall concentration of timeshares in Florida to a percentage of business done by the LLC Defendants in Florida or even a conclusion that the LLC Defendants have conducted *any* business in Florida.

or revenue from these efforts. While "'solicitation is one factor the courts consider in deciding whether a company is conducting business in' Florida," the Eleventh Circuit has indicated that this alone is insufficient when Plaintiff fails to allege that a defendant ever obtained any business from an advertisement. *Fraser*, 594 F.3d at 848 (quoting *Citicorp Ins. Brokers, Ltd. v. Nelson Hurst Marine Ltd.*, 635 So. 2d 79, 81 (Fla. 1st DCA 1994)). Nor do the remaining factors suggest that personal jurisdiction under this statute is appropriate—neither Nationwide or Your Timeshare is alleged to have offices in Florida or a license to do business in Florida. Plaintiff's allegations are insufficient to establish personal jurisdiction over Nationwide or Your Timeshare under section 48.193(1)(a)1. *Dohler S.A. v. Gift Guru*, No. 16-23137-CIV, 2017 U.S. Dist. LEXIS 170280, at *11 (S.D. Fla. Oct. 16, 2017) (holding that "the record does not support a finding that Defendants were engaged in a general course of business activity in Florida" when "the Court neither knows the exact or approximate number of Florida clients allegedly targeted by Defendants, nor the exact or approximate percentage of Defendants' gross sales derived from Florida sales").

(2)   Committing a tortious act within this state

"[U]nder Florida law, a nonresident defendant commits 'a tortious act within [Florida]' when he commits an act outside the state that causes injury within Florida." *Louis Vuitton*, 736 F.3d at 1353 (quoting *Licciardello v. Lovelady*, 544

F.3d 1280, 1283 (11th Cir. 2008) (second alteration in original); citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216–17 (11th Cir. 1999)). "A person can commit a tort under § 48.193 by making 'telephonic, electronic, or written communications into Florida,' but for jurisdiction to exist, 'the cause of action must arise from the communications.'" *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 786 (11th Cir. 2014) (quoting *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)).

Plaintiff argues that it "has extensive interests in Florida," that the LLC Defendants direct their advertisements to Florida, and that Plaintiff has been damaged by the LLC Defendants "induc[ing] non-payment of monies owed in connection with [Plaintiff's] Florida timeshare resorts." (Doc. 73 at 13). In the Amended Complaint, Plaintiff alleges that "Defendants advertise to customers and clients located in Florida," "direct communications to timeshare owners in Florida," "direct unsolicited mail to Florida and target unsolicited calls (including auto-dialed and pre-recorded calls, and drop voicemails) to Florida," and "conduct sales presentations and meetings with prospective customers in Florida." (Doc. 62 at 13). Plaintiff then alleges that it was damaged by Defendants. (*Id.* at 14 (alleging that "Defendant[s'] conduct giving rise to the claims set forth herein was directed to, occurred in and/or caused damage to Plaintiff in this District"); *see also id.* at 35, 46, 58).

There are several problems with Plaintiff's allegations. First, Plaintiff generally alleges that "Defendants" advertised and directed communications to Florida, failing to allege which Defendants took which actions or if all Defendants were involved with all of the communications directed to Florida. *Pelican Renewables 3, LLC v. DirectSun Solar Energy & Tech., LLC*, No. 1:15-CV-3763-RWS, 2016 U.S. Dist. LEXIS 202973, at *6 (N.D. Ga. Aug. 15, 2016) (granting a motion to dismiss for lack of personal jurisdiction when "[t]he allegations regarding personal jurisdiction in the Third-Party Complaint are conclusory, and none relate specifically to [a particular defendant]"). Next, Plaintiff fails to allege any connection between the alleged communications directed to Florida and the damages incurred by Plaintiff, other than wholly conclusory statements. *RMS Titanic*, 579 F. App'x at 787 ("Where the alleged tort is based on an out-of-state defendant's communications into Florida, there must be some connexity 'between the out-of-state communications and the cause of action such that the cause of action would depend upon proof of either the existence or the content of any of the communications . . . into Florida.'" (internal quotations omitted) (collecting cases)); *Snow*, 450 F.3d at 1318 (holding that "rel[ying] solely on vague and conclusory allegations presented in [the] complaint . . . [is] insufficient to establish a prima facie case of personal jurisdiction" (citing *Posner*, 178 F.3d at 1217–18)). Plaintiff attempts to establish this connection by attaching to the Amended Complaint a list

of owners that "purchased a membership interest from Plaintiff" in a timeshare. (Doc. 62 at 16; *see* Owners List, Doc. 62-1, at 1–2). However, the Owners List does not indicate where any of these owners are located. (*See generally* Doc. 62-1). Thus, the Court cannot determine whether these owners are located in Florida or located outside the state and have an ownership interest in a timeshare in Florida. If they are indeed located outside of Florida, then any communications directed to them would not have been directed within the forum state. Discounting the conclusory allegations in the Amended Complaint, Plaintiff has failed to allege any connection between Defendants' communications directed to Florida and the damages incurred by Plaintiff. Therefore, Plaintiff has failed to establish a prima facie case of personal jurisdiction under section 48.193(1)(a)2.

(3)    Causing injury to persons or property within this state

Section 48.193(1)(a)6 "applies only when a defendant's out of state actions cause personal injury or damage to physical property in the State of Florida" and does not apply when only economic injuries are alleged.[11] *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 736 (11th Cir. 2018) (quoting *Snow*, 450 F.3d at 1318);

---

[11] The case cited by Plaintiff to support jurisdiction under this subsection, *Obermaier v. Kenneth Copeland Evangelistic Ass'n*, 208 F. Supp. 2d 1288 (M.D. Fla. 2002), does not cite to section 48.193(1)(a)6 or its predecessor statute. *See id.* at 1291 (discussing Fla. Stat. § 48.193(1)(a), which is now codified as Fla. Stat. § 48.193(1)(a)1.).

*Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) ("[E]conomic injury, unaccompanied by physical injury or property damage, is insufficient to subject a non-resident defendant to personal jurisdiction under § 48.193(1)(a)(6)."). Plaintiff has only alleged economic injuries. (*See, e.g.*, Doc. 62 at 39, 42 (alleging "lost sales")). Thus, jurisdiction is not proper under section 48.193(1)(a)6.

### b.   Specific Personal Jurisdiction Conclusion

Plaintiff has failed to establish specific personal jurisdiction under Florida's long-arm statute. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("[T]he plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988))). Therefore, the Court need not determine whether it may exercise specific personal jurisdiction over Defendants pursuant to the Due Process Clause. The Court lacks personal jurisdiction over Nationwide and Your Timeshare, so their Motion to Dismiss will be granted.

### III.   MOTION TO TRANSFER

Alternatively, the Neally Defendants move for transfer of this case to the United States District Court for the Western District of Missouri. Plaintiff opposes transfer.

### A.    Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). "This transfer power is, however, expressly limited by the final clause of [§] 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Thus, "[t]o determine the propriety of transfer to a different district, courts engage in a two-step analysis." *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013); *Seal Shield, LLC v. Otter Prods., LLC*, No. 6:13-cv-967-Orl-37DAB, 2013 U.S. Dist. LEXIS 161725, at *5 (M.D. Fla. Nov. 13, 2013). "First, the Court must determine whether the case could have been brought in the transferee forum." *Seal Shield*, 2013 U.S. Dist. LEXIS 161725, at *5. Next, "[i]f the transferee forum is proper," *id.*, "courts assess whether convenience and the interest of justice require transfer to the requested forum," *Osgood*, 981 F. Supp. 2d at 1263.

### B.    Analysis

This Court must begin by determining whether the action could have been brought in the venue in which transfer is sought, which is the Western District of Missouri. "An action might have been brought in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Suomen Colorize Oy v. DISH Network, LLC*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (quoting *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (internal quotations and citations omitted)).

The transferee court would have subject matter jurisdiction over this action because it is based on federal question jurisdiction. (Doc. 62 at 9). It also appears that the Western District of Missouri would have personal jurisdiction over the Neally Defendants, subjecting them to process out of that court, because Neally is domiciled in Missouri, and Neally Law is a Missouri limited liability company located in Springfield, Missouri whose sole member is Neally.

However, it does not appear that venue would be proper in the Western District of Missouri. The Neally Defendants argue that all of the LLC Defendants "are organized and maintain their principal place of business in the United States District Court Western District of Missouri, Southern Division, making them all subject to general jurisdiction there." (Doc. 69 at 16). The Neally Defendants seem

to mix the second and third parts of the analysis, equating personal jurisdiction to proper venue. It is true that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). However, not all Defendants are domiciled in Missouri. Neally is domiciled in Missouri, and Neally Law is a Missouri limited liability company located in Springfield, Missouri whose sole member is Neally. (*Id.* at 10; Doc. 69-1 at 3). However, Defendant Omni Ellis "is a California limited liability company" whose sole member is Omni Ellis, an individual, who appears to be domiciled in California. (Doc. 62 at 12). Citizenship of a limited liability company is determined by the citizenship of each member, as opposed to the state of formation or its principal place of business. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Based on its sole member, Defendant Omni Ellis is domiciled in California. Therefore, not all defendants reside in Missouri, and venue is not proper there based on the provisions of 28 U.S.C. § 1391(b)(1).

A defendant seeking transfer bears the burden of demonstrating that this action could have been brought in the venue in which transfer is sought. *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)). The Neally Defendants have failed to meet the burden of this threshold question. Therefore, the Neally Defendants'

Motion to Transfer will be denied, and the Court need not address whether this case should be transferred based on convenience and the interest of justice.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Nationwide Transfer, LLC's and Your Timeshare Stops Here, LLC's Motion to Dismiss (Doc. 67) is **GRANTED**.

   a. The claims against Nationwide and Your Timeshare are **DISMISSED**.

   b. The Clerk is directed to terminate Nationwide and Your Timeshare as Defendants in this case and to amend the case style accordingly.

2. Defendants Joshua D. Neally's and Neally Law, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue (Doc. 69) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record